**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

MELISSA MOSHER,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.
______________________________/

Case No. 1:25-cv-11549

Hon. Michael C. Martin
United States District Judge

**OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND RESOLVING MOTIONS FOR SUMMARY JUDGMENT**

Plaintiff, Melissa Mosher, brings this action against the Commissioner of the Social Security Administration ("the Commissioner") seeking to challenge an administrative law judge's ("ALJ") denial of her application for supplemental security income. Both parties moved for summary judgment. The matter was referred to Magistrate Judge Patricia T. Morris, who issued a report and recommendation in which she recommends that the Court deny Mosher's motion for summary judgment, grant the Commissioner's motion for summary judgement, and affirm the ALJ's decision. Mosher filed one timely objection to the report and recommendation. For the following reasons, the Court will adopt Magistrate Judge

Morris' report and recommendation and grant the Commissioner's motion for summary judgment.

When a party files timely objections to a report and recommendation, as Mosher has done here, the Court must "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980). This *de novo* review requires the court to re-examine all the relevant evidence previously reviewed by the magistrate judge to determine whether the recommendation should be accepted, rejected, or modified. 28 U.S.C. § 636(b)(1).

Mosher makes one objection. She claims that Magistrate Judge Morris erred by concluding that the ALJ reasonably relied on certain evidence to find that Mosher's migraine headaches had decreased in severity. (ECF No. 24, PageID.852). Mosher makes a generalized argument that it was unreasonable for the ALJ to rely on a whole host of evidence, such as her "work history, activities of daily living, largely normal objective physical and mental exam results," and the fact that Mosher was a caretaker for "multiple family members." (*Id.* at PageID.853). But Mosher's objection really takes issue with just two types of evidence considered by the ALJ: the results of Mosher's physical and mental examinations, and Mosher's part-time work history.

This Court is guided by the deferential standard of review applicable to a social security case. Under that standard, the Court must affirm the Commissioner's decision if it is supported by 'substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla . . . but less than a preponderance." *Pittsburgh & Conneaut Dock Co. v. Dir., Office of Workers' Comp. Programs*, 473 F.3d 253, 259 (6th Cir. 2007). It is merely relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*

Even if this Court were to put aside the two pieces of evidence discussed in Mosher's objection, the Court finds that Magistrate Judge Morris' conclusion that the ALJ's decision should be affirmed is well-reasoned and correct. This is because the ALJ's decision rested on numerous pieces of evidence, including the fact that Mosher's own physician reported that her migraine headaches had improved after Mosher received Botox injections, that Mosher's physician believed that Mosher's head pain was "well managed" when on Botox treatments, and that Mosher herself had reported that her migraines "are better since Botox" and that her "headaches are less intense." (ECF No. 21, PageID.826-28). It is certainly reasonable for the ALJ to rely on this type of evidence to conclude that Mosher's migraine headaches had

improved. In the end, Mosher wants this Court to credit certain types of evidence, and not others. But the Court cannot reweigh evidence or substitute its judgment for that of the ALJ. *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (citing *Youghiogheny & Ohio Coal Co. v. Webb*, 49 F.3d 244, 246 (6th Cir. 1995)). When the evidence related to the Botox treatments is combined with Mosher's work history, the daily activities she was doing to support her family, and the results of her physical and mental examinations, it is clear that the Commissioner's decision was supported by substantial evidence.

For the foregoing reasons, Mosher's objections (ECF No. 24) are **OVERRULED**, Magistrate Judge Morris' report and recommendation (ECF No. 21) is **ADOPTED IN FULL**, Mosher's motion for summary judgment (ECF No. 15) is **DENIED**, and the Commissioner's motion for summary judgment (ECF No. 18) is **GRANTED**.

**SO ORDERED.**

s/ Michael C. Martin
MICHAEL C. MARTIN
United States District Judge

Date: October 13, 2026